IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shantel Harris, ) | C/A No. 0:15-527-GRA-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Simon Major, *Director*; Daryl F. McGhaney, *Asst Director/Major, Sumter-Lee Regional Detention Center*; Staff Sgt James, *Staff Sergeant, Sumter-Lee Regional Detention Center*, ) | |
| Defendants. ) | |

Plaintiff Shantel Harris, a self-represented pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Harris's motion for default judgment. (ECF No. 26.) The defendants filed a response in opposition to Harris's motion. (ECF No. 28.) Having carefully reviewed the parties' submissions, the court finds that Harris's motion should be denied.

Harris's motion asserts that the defendant was served on March 11, 2015 with the Summons and Complaint, but that he did not timely receive an Answer from the defendant. (ECF No. 26.) In response, the defendants confirm that they were served on March 11, 2015, making their deadline to timely file an Answer April 1, 2015. (ECF No. 28.) The defendants assert that the docket confirms that their Answer was filed on April 1, 2015, and provide a certificate of service showing that their Answer was mailed to Harris on that date. (See Answer, ECF No. 22, ECF No. 22-1.)

Federal Rule of Civil Procedure 55(a) clearly states that the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court also notes that, as a general matter, the law disfavors default judgments. Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990). As the defendants have filed an Answer to Harris's Complaint, Harris cannot show that the defendants have "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Therefore, default judgment is not appropriate.

## RECOMMENDATION

Accordingly, the court recommends that Harris's motion for default judgment (ECF No. 26) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 21, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).