IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shantel Harris, | ) | C/A No. 0:15-527-GRA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Simon Major, *Director*; Daryl F. McGhaney, *Asst Director/Major, Sumter-Lee Regional Detention Center*; Staff Sgt James, *Staff Sergeant, Sumter-Lee Regional Detention Center*, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983. On September 9, 2015, the defendants filed a motion to dismiss. (ECF No. 45.) By order of this court filed September 24, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 52.) This order was returned to the Clerk of Court as undeliverable.[1] (ECF No. 58.)

On October 15, 2015, the plaintiff filed a letter in which he stated that his legal documents had been lost during a prison transport. (ECF No. 60.) Accordingly, the court directed the defendants to serve an additional copy of their motion to dismiss on the plaintiff, directed the Clerk of Court to resend the court's Roseboro order to the plaintiff, and granted the plaintiff additional time in which to file his response to the defendants' motion. (ECF No. 62.) The plaintiff was specifically

---

[1] The plaintiff was specifically instructed to notify the Clerk of Court in writing if his address changed, and that failure to comply may result in the dismissal of his case. (Order, ECF No. 9 at 2.)



warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute.  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

The court's second attempt to send the plaintiff the court's Roseboro order was returned as undeliverable.  (ECF No. 66.)  Accordingly, the court issued a docket text order noting that the plaintiff appeared to have changed addresses, directing the Clerk of Court to resend the court's Roseboro order to the plaintiff at his new address, and directing the plaintiff to file a response to the defendants' motion on or before December 29, 2015.  (ECF No. 67.)  The plaintiff was again reminded that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute.  See Davis, 588 F.2d at 70; Fed. R. Civ. P. 41(b).

Despite his extensions of time and notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff failed to respond to the motion.  Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[2]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.  See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit

---

[2] He is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided.  Chandler Leasing Corp., 669 F.2d at 920.



when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).  In light of the court's recommendation, the court further recommends that any pending motions (ECF No. 45) be terminated.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Paige J. Gossett
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

January 13, 2016
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).